# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY J. JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>OVANES KUTNERIAN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:13-cv-00398-LJO-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND**<br><br>(Docs. No. 1, 2) |

## I.   INTRODUCTION

On March 18, 2013, Plaintiff Jeffrey J. Jackson filed this action against Ovanes Kutnerian, individually and in his official capacity as Trustee of the Fresno Guest Home Profit Sharing Plan; Xencare, Inc., dba the Fresno Guest Home Profit Sharing Plain; Gregory L. Altounian; Margaret Mims, individually and in her official capacity as Fresno County Sheriff; James Dimon, individually, and in his official capacity as Chairman of the Board/CEO of JP Morgan Chase Bank, N.A.; JP Morgan Chase Bank, N.A.; Deborah P. Briqnac, individually, and in her official capacity as President/Director of California Reconveyance Company; and California Reconveyance Company (collectively "Defendants").  For the reasons set forth below, Plaintiff's complaint is DISMISSED without prejudice, and Plaintiff is granted thirty (30) days leave to amend.

## II. BACKGROUND

Plaintiff alleges that on September 21, 1989, he purchased residential real property located at 6564 Rowell Avenue, Fresno, California (the "Property"). (Doc. 1, ¶ 68.) Plaintiff apparently secured a mortgage on the Property. (Doc. 1 ¶ 69 ("Plaintiff purchased the land and property through a currency exchange of their Promissory Note with Home Savings and Loan.").) A non-judicial trustee sale ostensibly occurred in January 2013, but Plaintiff asserts Defendants failed to provide him with a "Bona Fide Genuine Original Wet Ink Signature Promissory Note," and Defendants are "barred from selling Plaintiff's real land and property until all matters concerning the Bona Fide Genuine Original Wet Ink Signature Promissory Note are settled and/or dismissed by this Court." (Doc. 1, ¶ 2.)

Plaintiff contends that the non-judicial foreclosure was unlawful and "based on the felonious acts of filing numerous false and/or forge documents in a California public office by Defendants, as well as fraudulent and [secret] eviction action in a court without proper jurisdiction and venue, lack of disclosure, void of due process, lack of due process, of insufficient service and insufficient process, of improper service and improper process . . . . " (Doc. 1, p. 1-2.) Plaintiff alleges that "[t]here is no factual evidence that Plaintiff ever defaulted on Defendants' and Plaintiff's transaction." (Doc. 1, ¶ 13(m).) Plaintiff contends that Defendants have committed unspecified felonious acts to unlawfully foreclose on Plaintiff's real land and property and failed to perfect the foreclosure by refusing to return the "Bona Fide Genuine Original Promissory Note."

## III. DISCUSSION

**A.   Plaintiff's Application to Proceed In Forma Pauperis**

Along with the complaint, Plaintiff also filed a motion to proceed without the prepayment of fees. (Doc. 2.) Plaintiff's motion to proceed *in forma pauperis* demonstrates that Plaintiff is entitled to proceed without prepayment of filing fees and is therefore GRANTED.

**B.   Applicable Standards**

   **1.   Screening Standard**

In cases where the plaintiffs are proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### 2. Legal Standard

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint for failure to comply with Federal Rule 9(b). *See Vess v. Ciba-Geigy Corp, USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Such circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.,* 356 F.3d

1058, 1066 (9th Cir. 2004)). Claims subject to Rule 9(b) pleading requirements must also satisfy the ordinary pleading requirements of Rule 8.

### C. Plaintiffs Fail to Establish Subject Matter Jurisdiction

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Courts have an independent duty to consider their own subject matter jurisdiction and may, *sua sponte*, dismiss an action over which federal jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

#### 1. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any claims under federal law. Although the complaint states that Defendants violated federal law, it fails to specify what federal law has been violated.

#### 2. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." The proper exercise of diversity jurisdiction requires that the parties be diverse, or citizens of different states. For the parties to fulfill this requirement there must be "complete diversity." In other words, no plaintiff can be a citizen of the

4

same state as any of the defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). A corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend*, the Supreme Court held that a corporation's principal place of business is solely determined by the state of its "nerve center." 559 U.S. 77, 130 S.Ct. 1181, 1193 (2010). A corporation's nerve center is "where a corporation's officers direct, control, and coordinate the corporation's activities . . . [a]nd in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1192.

Here, Plaintiff alleges that he is "a man and one of the People of the United States of America and California." (Doc. 1, ¶ 37.) The citizenship of the Defendants, however, is not pled and it appears that there are various Defendants who are residents of California and therefore destroy complete diversity. As such, complete diversity is not adequately established by the allegations in the complaint. *See Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (the party asserting federal jurisdiction has the burden of establishing it).

**D.    Plaintiff's Underlying Factual Allegations are Vague and Unclear**

The events surrounding the allegations in Plaintiff's complaint are unclear. Plaintiff alleges that he entered into a "currency exchange" with Defendants on September 21, 1989, to acquire the Property. (Doc. 1, p. 1.) Plaintiff fails to specify which Defendants participated in the "currency exchange." There is no information pled regarding when Plaintiff was determined to be in default on any payment obligations, what documents were recorded pertaining to the Property, or when a trustee's sale was held. (*See* Doc. 1, ¶ 73 (indicating that a "fraudulent auction" was held in January 2013).) Plaintiff also fails to specify what California or Federal law Defendants allegedly violated and the conduct of each Defendant. Before the Court can determine the viability of Plaintiff's claims, Plaintiff must first clearly allege the factual basis for his claims. As such, Plaintiff must amend his complaint to clearly set forth when the events occurred, who was involved, what happened, and each Defendant's role in the events.

Plaintiff also alleges that the non-judicial foreclosure was "fraudulent" and that the Defendants "filed false and/or forged documents in a public office in California." (Doc. 1, ¶ 13(g).) Although not specified in the complaint, it appears that Plaintiff is attempting to state a cause of action for fraud. The elements of a claim for fraud include (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) (citing *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003)). Under the requirements of Federal Rule of Civil Procedure 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). It is "established . . . that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess*, 317 F.3d at 1103. Rule 9(b) "requires more specificity [than Rule 8], including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz*, 476 F.3d at 764.

"'[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action' . . . . There must be a showing 'that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation' and 'that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment.'" *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1063 (E.D. Cal. 2010) (citing *Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 156, 157 (1996)). The complaint must contain "facts to support each fraud element." *Saldate*, 686 F. Supp. 2d at 1065. Further, "in a fraud action against a corporation, a plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Id.* (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

Plaintiff contends that he "had performed and conducted a Forensic Examination of and [sic] the current recorded foreclosure documents" and that the "Forensic Examination indicates evidence of 'Fraud, Malfeasance, and Perjury' resulting in violations of Federal and California Law regarding the foreclosure documents, may have been committed by [the] California Reconveyance Company."

6

(Doc. 1, ¶¶ 70-71.) Plaintiff's allegations are merely conclusions, not well-pled factual allegations that are entitled to a presumption of truth. For example, Plaintiff fails to allege how the foreclosure documents were fraudulent. As explained in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), "to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Moreover, allegations of fraud are subject to a heightened pleading standard under Rule 9(b) as discussed above. The allegations in the complaint fail to explain how the foreclosure documents were fraudulent or show which Defendant was responsible for the allegedly fraudulent documents. *See Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989) ("Mere conclusory allegations of fraud are insufficient.").

**E.     Amendment of Pleadings**

For the reasons set forth above, the Court DISMISSES Plaintiff's complaint without prejudice and with leave to amend. Plaintiff should only amend those claims that he believes, given the above standards, are viable.

Plaintiffs are advised that the U.S. District Court for the Eastern District of California's Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

///
///
///
///
///

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint be DISMISSED without prejudice and with leave to amend;
2. Plaintiff SHALL file an amended complaint within thirty (30) days from the date of this order; and
3. If Plaintiff fails to file an amended complaint within thirty (30) days, the Court will recommend that Plaintiff's complaint be dismissed with prejudice.

IT IS SO ORDERED.

Dated:   April 8, 2013                           /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE